UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CATHERINE WHITE, individually and
on behalf of all others similarly situated, et al.                                              PLAINTIFFS

v.                                          No. 2:16-CV-02259

THE GREGORY KISTLER TREATMENT
CENTER, INC.                                                                                        DEFENDANT

## OPINION AND ORDER

Before the Court are Defendant's motion (Doc. 38) for sanctions and brief in support (Doc. 39), Plaintiffs' response (Doc. 40), and Defendant's reply (Doc. 43), filed with leave of Court. Defendant moves for sanctions under Federal Rule of Civil Procedure 37(d), asking that the claims of opt-in Plaintiffs Judy Kisling and Kim Barnum be dismissed because those Plaintiffs twice failed to appear for properly noticed depositions. The motion will be granted.

On January 30, 2018, Defendant sent notice to Plaintiffs that it intended to depose Barnum on February 23, 2018. Plaintiffs' counsel, Steve Rauls, made Barnum aware of the deposition, but Barnum did not appear. Nor did she provide an explanation for her failure to appear.

On March 14, 2018, Defendant sent notice to Plaintiffs that it intended to depose Barnum and Kisling on March 26, 2018. Kisling failed to appear, and Barnum not only failed to appear, but affirmatively communicated to her attorneys' office that she would not appear. Neither opt-in Plaintiff provided an explanation for her failure to appear.

On April 12, 2018, Defendant sent notice to Plaintiffs that it intended to depose Kisling on May 2, 2018. Again, Kisling did not appear. This time, Kisling's attorney also failed to appear, and instead sent an email to Defendant that he was not attending because he knew Kisling would not attend.

1

Rule 37(d)(1)(A) allows the Court to order sanctions against a party who fails to appear for her properly noticed deposition. In addition to the nonexhaustive list of sanctions found in Rule 37(b)(2)(A), the Court may also require the party, her attorney, or both to pay reasonable expenses caused by the failure to appear. Fed. R. Civ. P. 37(d)(3).

Barnum and Kisling each twice failed to appear for properly noticed depositions without providing any excuse. Even now, in responding to the motion, another of their attorneys, Josh Sanford, provides that he "is neither in a position to make excuses for Barnum and Kisling's failure to appear for depositions on March 26 nor to guarantee that either will appear for a future deposition." (Doc. 40, p. 6). He fails to state whether he is in a position to explain Barnum and Kisling's absence from their other noticed depositions. The Court is left to conclude that the failure of Barnum and Kisling to appear was, in every instance, willful, and will sanction Barnum and Kisling with dismissal of their actions, with prejudice.

Because there is no justification offered, substantial or otherwise, for the failure to appear, and because the circumstances do not otherwise indicate it would be unjust, the Court will also award reasonable expenses, including attorney's fees, to Defendant, both for the missed depositions and for the instant motion. These expenses will not be awarded against Barnum and Kisling, who are sufficiently sanctioned by dismissal of their claims. Instead, deposition related expenses will be awarded against attorney Stephen Rauls, personally, and motion related expenses will be awarded against attorney Josh Sanford, personally.

Sanford and Rauls have appeared before the undersigned in numerous FLSA actions. *See, e.g.*, *Kaup v. Baldor Electric Co.*, 2:17-CV-02049 (Sanford and Rauls); *Easley, et al. v. Confluent Ltd. Co.*, 5:17-CV-05065 (Sanford and Rauls); *Jordan, et al. v. RHD, Jr., Inc.*, 2:16-CV-02227 (Sanford); *Okada, et al. v. Eagle's HVAC, LLC, et al.*, 2:16-CV-02245 (Sanford); *Follis, et al. v.*

*Eagleone Hot Shot, Inc.*, 2:15-CV-02128 (Sanford and Rauls); *Martinez, et al. v. Bost, Inc.*, 2:14-CV-02090 (Sanford); *Simms, et al. v. Northport Health Servs. Of Ark., L.L.C., et al.*, 2:12-CV-02252 (Rauls). In many of these cases, the Court has been called on to review a settlement agreement, and to approve or deny attorney's fees and costs after reviewing work claimed by Sanford or Rauls. This experience has left the Court with a strong impression that Sanford and Rauls have very little interest in engaging in or responding to discovery, and that most of their FLSA litigation efforts are instead directed toward obtaining a settlement for Plaintiffs that includes a large fee award for attorneys appearing from the Sanford Law Firm. Based on this experience, the Court believes in this case that Rauls and Sanford share responsibility for Barnum and Kisling's failure to appear and for the expenses that failure has caused to Defendant.

IT IS THEREFORE ORDERED that Defendant's motion for sanctions (Doc. 38) is GRANTED, and the claims of opt-in Plaintiffs Kim Barnum and Judy Kisling are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendant file a motion for expenses, with its expenses invoiced, within 14 days of entry of this order so that the Court may determine what amount of expenses to award against Sanford and Rauls. Plaintiffs may respond to the requested amount within 7 days of any such motion.

IT IS SO ORDERED this 28th day of June, 2018.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE