UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CATHERINE WHITE, individually and on
behalf of all others similarly situated                                                    PLAINTIFF

v.                                          No. 2:16-CV-02259

THE GREGORY KISTLER TREATMENT
CENTER, INC.                                                                              DEFENDANT

# OPINION AND ORDER

Before the Court is the parties' renewed joint motion (Doc. 64) to approve settlement agreement and dismiss and a brief (Doc. 65) in support of their joint motion. The parties have also filed a proposed settlement agreement (Doc. 64-1) for the Court's review. The motion will be granted.

Plaintiffs filed this lawsuit on November 7, 2016, claiming that Defendant failed to pay minimum and overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act. On July 11, 2017, the Court conditionally certified the case as a collective action pursuant to 29 U.S.C. § 216(b) and authorized notice to be sent to potential opt-in plaintiffs. (Doc. 20). On August 28, 2018, the parties submitted a joint motion to approve settlement agreement and dismiss. (Doc. 60). The Court denied the motion (Doc. 63). The parties now seek Court approval of their amended settlement agreement and a dismissal of all claims. The Court has reviewed the renewed joint motion and the amended settlement agreement and will now approve the amended settlement agreement and grant the motion to dismiss.

"There are only two ways in which wage claims under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." *Lynn's Food Stores, Inc. v.*

1

*United State*s, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Second, "[w]hen employees bring private actions for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353; *Beauford v. ActionLink*, 781 F.3d 396, 405 (8th Cir. 2015). The parties here do not propose a stipulated judgement, but they have set out in their settlement agreement the amounts due to each opt-in Plaintiff for unpaid wages and the amounts of liquidated damages agreed upon. The parties have also agreed as to the amount of attorneys' fees that Defendants will pay Plaintiffs' counsel. The parties have agreed that Plaintiffs will voluntarily waive all wage or overtime related claims for compensation, including FLSA claims.

A district court may only approve a settlement agreement and enter a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Lynn's Food*, 679 F.2d at 1353 n.8. The Court finds a bona fide dispute exists. Plaintiffs argue they are entitled to certain unpaid wages which Defendant failed to pay, and Defendant denies Plaintiffs are entitled to such wages. Because a bona fide dispute exists as to whether Plaintiffs are entitled to a minimum wage and overtime for their work, the Court must evaluate whether the settlement is fair.

The factors a court should consider in evaluating the fairness of a settlement depend on the unique circumstances of each case. *Lewis-Ramsey v. Evangelical Lutheran Good Samaritan Soc'y*, 3:16-cv-00026, 2017 WL 821656 *5 (S.D. Iowa, Jan.10, 2017). Among the factors courts have considered are: (1) the amount of overtime to which class members may be entitled; (2) how close to full compensation of class members' claims the proposed settlement provides; (3) whether the proposed settlement includes or excludes liquidated damages and/or attorney's fees and expenses; (4) the likely complexity, expense, and duration of the litigation if the settlement is not

approved; and (5) what additional claims class members must release in order to receive compensation under the proposed settlement agreement. *See Lewis-Ramsey*, 2017 WL 821656 at *4; *Loseke v. Depalma Hotel Corp.*, 4:13-cv-3191, 2014 WL 3700904 (D. Neb. July 24, 2014).

In reviewing these factors in relation to the joint motion and amended settlement agreement, the Court finds that the agreement is fair and reasonable. The attorneys for each party have considerable experience in wage litigation. The agreement appears to adequately compensate Plaintiffs for the amount of overtime pay which they allege was wrongfully withheld. The agreement includes liquidated damages in reduced amount, and the Court finds that the amount of liquidated damages is reasonable because Defendant acted in good faith and had reasonable grounds for believing it complied with the FLSA. *See Chao v. Barbeque Ventures, LLC*, 547 F.3d 938 (8th Cir. 2008) (quoting 29 U.S.C. § 260) ("[I]f the employer shows that its actions were taken in 'good faith' and with 'reasonable grounds for believing' that [the employer] complied with the FLSA, 'the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in § 216 of this title.'"). Plaintiffs waive only wage or overtime related claims and avoid an expensive and time-consuming trial that would likely reach a similar result to the settlement agreement.

Finally, the parties provide billing records for the proposed attorneys' fees. A reasonable rate is requested, and in light of the relief this settlement affords to each Plaintiff, the Court finds that this requested fee of $15,400.00 is reasonable. This revised settlement appears to be the result of an arms-length negotiation between the parties based on the merits of the case. It is informed by the facts revealed during discovery; it provides a substantial recovery to Plaintiffs when considered in light of the existing bona fide disputes, the merits of their case, and the likelihood of their success; and it contains no hallmarks of collusion.

IT IS THEREFORE ORDERED that the proposed amended settlement agreement is approved in its entirety as fair and reasonable.

IT IS FURTHER ORDERED that the parties' renewed joint motion to dismiss (Doc. 64) is GRANTED and this case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 4th day of December, 2018.

*/s/ P. K. Holmes,* III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE